KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7736
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR0854-LAB |
| Plaintiff, | Date: March 27, 2008<br>Time: 2:00 p.m. |
| v. | The Honorable William McCurine, Jr. |
| RODNEY PARKER (1),<br>ANGELA WITTMER (2), | **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS INDICTMENT DUE TO A SPEEDY TRIAL ACT VIOLATION** |
| Defendant. | **TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Response in Opposition to Defendant's above-referenced Motion. The Response in Opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities.

//
//
//
//
//

**I**

**STATEMENT OF THE CASE**

On February 16, 2008, Defendants RODNEY PARKER ("Defendant Parker") and Angela Wittmer ("Defendant Wittmer") [collectively, "Defendants"] were arrested by Alcohol, Tobacco, Firearms and Explosives ("ATF") agents for felon in possession of ammunition and for possession of ammunition by a user of a controlled substance. On February 19, 2008, Defendants made their first appearance before the Honorable William McCurine, Jr., and were arraigned on the above-referenced charges. At that time, the United States made an oral motion to detain each Defendant based upon a risk of flight pursuant to 18 U.S.C. § 3142. The Court set a detention hearing for February 22, 2008. On February 22, 2008, Defendants requested a continuance of the detention hearing. The Court granted Defendants' request and continued the detention hearing to February 28, 2008. On February 28, 2008, the Court held the detention hearing and ordered that Defendant Parker be detained based on a risk of flight. The United States and Defendant Wittmer stipulated to a $100,000 bond secured by real property.    On March 20, 2008, a federal grand jury in the Southern District of California returned a five-count indictment against Defendants. The Indictment charges Defendant Parker with one count of conspiracy to make a false statement in the attempted acquisition of a firearm, in violation of 18 U.S.C. § 371, one count of felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), one count of possession of approximately 1,168 grams of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a), and criminal forfeiture pursuant to 18 U.S.C. § 924(d).    The Indictment charges Defendant Wittmer with one count of conspiracy to make a false statement in the attempted acquisition of a firearm, in violation of 18 U.S.C. § 371, and one count of making a false statement in the attempted acquisition of firearms, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).    On March 25, 2008, Defendants were arraigned on the Indictment, and Defendants made an oral motion to dismiss the Indictment for due to a violation of the Speedy Trial Act. The Court ordered Defendants to file a written motion no later than 12:00 p.m. on March 26, 2007. The Court ordered the United States to file its response no later than 5:00 p.m. on March 26, 2007. The Court set a motion hearing for March 27, 2008 at 2:00 p.m. before the Honorable William McCurine, Jr. On March 26, 2008, Defendants filed the above captioned motion. The United States files the

following response.

## II

## STATEMENT OF FACTS

**A.    OFFENSE CONDUCT**

    **1.    Events Leading to Seizure of the Firearms**

On February 16, 2008, at approximately 1:15 p.m., agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and Immigration Customs Enforcement ("ICE") conducted surveillance at the Crossroads Gun Show at the Del Mar Fairgrounds, which is in the Southern District of California. ATF Special Agent Wakelin observed a Hispanic male, accompanied by a white female, drive a green Mercury SUV bearing California license plate number "4UPT113" into the gun show parking lot. ATF Wakelin observed the two individuals exit the car and enter the gun show. ATF Wakelin initiated a query of the Department of Motor Vehicle records and determined that the Mercury SUV was registered to Defendant Parker at 6847 Springfield Street, San Diego, California 92114. ATF Wakelin also obtained a physical description of the Defendant Parker, which matched the Hispanic male who he saw driving the Mercury SUV. ATF Wakelin initiated a criminal records check on Defendant Parker and determined that Defendant Parker had two prior felony convictions and was a registered narcotics offender pursuant to California Health & Safety Code Section 11590.

At approximately 4:30 p.m., ATF Wakelin observed Defendant Parker and the white female exiting the gun show carrying plastic bags. The bag carried by Defendant Parker appeared to contain a box similar in shape and size to a standard box of ammunition. ATF Wakelin observed Defendant Parker and the white female enter the Mercury SUV and leave the gun show.

San Diego Sheriff's Department Detective Berlinksy initiated a traffic stop of the Mercury SUV for a violation of California Vehicle Code regulating window tint. Detective Berlinksy identified the driver as Defendant Parker and the passenger as Defendant Wittmer. ATF Wakelin and Beals arrived at the scene and identified themselves to Defendants. ATF Wakelin advised Defendant Parker that he was not under arrest and that he did not have to talk with ATF. Defendant Parker said he understood and voluntarily agreed to speak with ATF Wakelin. Defendant Parker said he purchased a 50 round box of .32 caliber ammunition at the gun show. Defendant Parker freely admitted that he was a convicted felon and that he purchased the ammunition for a friend. ATF Wakelin advised Defendant Parker that

he was under arrest.

ATF Wakelin and Beals advised Defendant Wittmer that she was not under arrest and that she did not have to talk with ATF. Defendant Wittmer said she understood and voluntarily agreed to speak with ATF Wakelin and Beals. Defendant Wittmer said she was Defendant Parker's girlfriend and that they had just attended the Gun Show at the Del Mar Fairgrounds. Defendant Wittmer said she purchased a handgun at the gun show, which she intended on receiving after the 10-day waiting period. Defendant Wittmer showed ATF a receipt for the purchase of a 9 millimeter handgun. Defendant Wittmer was unable to recall the make and model of the handgun that she had just purchased. Defendant Wittmer said that Defendant Parker had purchased ammunition at the gun show, which was a gift for her uncle. ATF Wakelin and Beals advised Defendant Wittmer that she was being transported to the ATF field office for further questioning.

ATF Wakelin searched Defendant Parker and found a box of .32 caliber ammunition, approximately $1,800.00 in cash, and two California driver licenses. Both licenses contained Defendant Parker's photograph, but one license contained his true identity while the other listed another person's name and address.

ATF Wakelin and Beals conducted a search incident to arrest of the Mercury SUV. ATF found a loaded Ruger .45 caliber revolver, a loaded FIE .25 caliber pistol with ten rounds of .45 caliber ammunition, a box of .32 caliber ammunition, and another counterfeit California driver's license with Defendant Parker's photograph and another person's name and address.

### 2.     **Post-Miranda Statement**s

On February 16, 2008, ATF agents advised Defendant Wittmer of her Miranda rights. Defendant Wittmer acknowledged that she understood his Miranda rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel. Defendant Wittmer stated that she has been addicted to methamphetamine for several years and smokes the drug about twice per day. Defendant Wittmer also stated that she smoked methamphetamine before attending the gun show. Defendant Wittmer said she often smokes methamphetamine with Defendant Parker.

### 3.     **Events Leading to Seizure of the Marijuana**

On February 17, 2008, ATF executed a search warrant at the residence where Defendant Parker

has been renting a room for the past six years - 6847 Springfield Street, San Diego, California. ATF agents found a Ford Bronco registered to Defendant Parker at the residence. ATF agents found marijuana inside the Ford Bronco registered to Defendant, as well as a large digital scale, which agents believed was being used to distribute the marijuana. In total, ATF agents found approximately 1,167 grams of marijuana.

### C.   **DEFENDANTS' CRIMINAL HISTORY**

Defendant Parker has a serious criminal history. On September 9, 1997, Defendant was convicted in San Diego Superior Court for inflicting corporal injury on a spouse, in violation of California Penal Code § 273.5, and received a sentence of 270 days in jail and 3 years probation. On January 5, 1999, Defendant's probation was reinstated and extended to January 4, 2002. On January 11, 2001, Defendant was convicted in San Diego Superior Court for inflicting corporal injury on a spouse, in violation of California Penal Code § 273.5, and received a sentence of 2 years in prison. On November 6, 2001, Defendant was convicted of possession of a controlled substance for sale, in violation of California Health & Safety Code § 11378, and received a sentence 16 months in prison. On May 13, 2004, Defendant violated his parole and was returned to prison. On April 5, 2005, Defendant violated his parole and was returned to prison. On June 28, 2006, Defendant violated his parole and was returned to prison.

While Defendant Wittmer admitted that she abuses methamphetamine, she does not have a criminal history.

**III**

**THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT DUE TO A SPEEDY TRIAL ACT VIOLATION ALONG WITH MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants, relying on provisions of the Speedy Trial Act set forth at Title 18, United States Code, Sections 3161, contend that the indictment returned by the federal grand jury on March 20, 2008, must be dismissed as a result of the United States' failure to indict Defendants within thirty days of their arrest on February 16, 2008. This argument lacks merit.

Title 18, United States Code, Section 3161(b) provides:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date

>on which such individual was arrested or served with a summons
>in connection with such charges. . . .

The Speedy Trial Act recognizes that legitimate needs of the United States and of a criminal defendant may cause permissible delays. Statutory exclusions reflecting the need for orderly and fair procedures call for time to be excluded from the calculation of the time limits set forth in the Act (i.e., thirty-day limit to file an indictment or information; seventy-day trial limit). See United States v. Daychild, 357 F.3d 1082, 1090 (9th Cir. 2004). In a multiple defendant case, absent severance, the delay from a grant of continuance to one defendant is also excludable time for a co-defendant. See United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993); United States v. Calabrese, 825 F.2d 1342 (9th Cir. 1987). The Speedy Trial Act allows the exclusion of "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). This includes motions to detain a defendant in pretrial confinement. United States v. Vo, 413 F.3d 1010, 1013-16 (9th Cir. 2005); United States v. Wirsing, 867 F.2d 1227, 1231 (9th Cir. 1989); see also, United States. v. Castellano, 848 F.2d 63, 65 (5th Cir. 1988), United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993), United States v. Calabrese, 825 F.2d 1342 (9th Cir. 1987), 834 P. 2d 607, 609 (6th Cir. 1987), United States v. Cephas, 937 F.2d 816 (2d Cir. 1991). Furthermore, the day a party files a motion to dismiss under the Speedy Trial Act is also excludable. United States v. Daychild, 357 F.3d 1082, 1093 (9th Cir. 2004).

The Ninth Circuit has addressed the issue before the Court - whether the time between the government's motion to detain the defendant and the detention hearing is excludable under the Speedy Trial Act. United States v. Vo, 413 F.3d 1010, 1013-16 ((9th Cir. 2005); United States v. Wirsing, 867 F.2d 1227, 1231 (9th Cir. 1989). In Vo, the government moved to detain the defendants on October 7, 2002, and the court set a detention hearing three days later on October 10, 2002. The defendants moved to continue the detention hearing from October 10, 2002 to October 21, 2002, and the court granted the continuance. On October 21, 2002, the court held the detention hearing and granted the government's motion to detain the defendants. The defendants argued that the twelve days between October 10, 2002 through October 21, 2002, were not excludable under the Speedy Trial Act. Id. at 1014. The Ninth Circuit disagreed and held that "a pretrial motion triggers an automatic exclusion." Id. at 1015 (citations omitted). The Ninth Circuit noted that its "holding provides a clear rule for district courts and counsel to follow, it puts counsel on notice from the outset as to what is excludable, and it avoids

gamesmanship." Id. at 1016.

This case is similar to Vo. The United States moved to detain Defendants Parker and Wittmer on February 19, 2008. The Court set a detention hearing three days later on February 22, 2008. On February 22, 2008, Defendants Parker and Wittmer requested a continuance of the detention hearing and the Court granted the request. On February 28, 2008, the Court held a detention hearing and granted the United States' motion to detain Defendant Parker. The time between the United States' pretrial motion on February 19, 2008 through February 28, 2008 is automatically excluded under 18 U.S.C. § 3161(h)(1)(F), as held in Vo. Therefore, in computing the thirty-day limit to obtain an indictment under 18 U.S.C. § 3161(b), ten days is excluded from the calculation pursuant to 18 U.S.C. § 3161(h)(1)(F). As such, the United States obtained an indictment against Defendants Parker and Wittmer within the thirty-day limit, taking into account the excludable time. Thus, there was no Speedy Trial Act violation.

## IV

## **CONCLUSION**

For the foregoing reasons, the United States requests the Court deny Defendant's Motion to Dismiss Indictment Due To A Speedy Trial Act Violation.

DATED: March 26, 2008.

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        /s/ *Joseph J.M. Orabona*
        JOSEPH J.M. ORABONA
        Assistant United States Attorney

|   |   |
|---|---|
| 1 | UNITED STATES DISTRICT COURT |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA |

UNITED STATES OF AMERICA )  Criminal Case No. 08CR0854-LAB
                         )
           Plaintiff,    )
                         )  **CERTIFICATE OF SERVICE**
     v.                  )
                         )
RODNEY PARKER (1),       )
ANGELA WITTMER (2),      )
                         )
           Defendant.    )
_____)

IT IS HEREBY CERTIFIED that:

I, Joseph J.M. Orabona, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of **THE UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR A VIOLATION OF THE SPEEDY TRIAL ACT** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Gregory T. Murphy
   Federal Defenders of San Diego, Inc.
   225 Broadway, Suite 900
   San Diego, California 92101-5008
   Tel: (619) 234-8501
   Fax: (619) 687-2666
   Email: gregory_murphy@fd.org
   *Lead Attorney for Defendant Parker*

2. Maxine I. Dobro
   Law Offices of Maxine I. Dobro
   105 West F Street, 3rd Floor
   San Diego, California 92101-6036
   Tel: (619) 232-5044
   Fax: (619) 233-3221
   Email: maxdobro@aol.com
   *Lead Attorney for Defendant Wittmer*

A hard copy of the response is being sent to the Chambers of the Honorable William McCurine, Jr. and the Honorable Larry A. Burns.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2008.

/s/ ***Joseph J.M. Orabona***
JOSEPH J.M. ORABONA
Assistant United States Attorney