| | |
|---|---|
| 1 | **GREGORY T. MURPHY** |
| | California State Bar No. 245505 |
| 2 | **FEDERAL DEFENDERS OF SAN DIEGO, INC.** |
| | 225 Broadway, Suite 900 |
| 3 | San Diego, CA 92101-5008 |
| | (619) 234-8467/Fax: (619) 687-2666 |
| 4 | E-Mail: gregory_murphy@fd.org |
| 5 | Attorneys for Rodney Parker |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| UNITED STATES OF AMERICA, | ) | Case No. 08CR0854-LAB-01 |
|---|---|---|
| Plaintiff, | ) | DATE:   May 5, 2008 |
| | ) | TIME:   2:00 p.m. |
| v. | ) | |
| | ) | **NOTION OF MOTIONS AND MOTIONS TO SUPPRESS EVIDENCE AND SEVER COUNT FIVE** |
| RODNEY PARKER, | ) | |
| Defendant. | ) | |

TO:     KAREN P. HEWITT, UNITED STATES ATTORNEY; AND
        JOSEPH J.M. ORABONA, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that, on May 5, 2008, at 2:00 p.m., or as soon thereafter as counsel may be heard, the defendant, Rodney Parker, by and through his counsel, Gregory T. Murphy and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting motions to suppress evidence and sever count five. These motions are made pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, and any evidence that may be presented at the time of hearing on these motions.

/ / /

/ / /

/ / /

/ / /

**MOTIONS**

**O.   Motion to Suppress Evidence Obtained by the Warrantless Search of Mr. Parker's Phone.**

Mr. Parker moves to suppress the information obtained from the cellular telephone seized during his arrest, including any phone numbers, contact information, listing of calls made or received, and any other information obtained from the telephone. The warrantless search violated the Fourth Amendment and the Electronic Communication Privacy Act (ECPA).

**1. The Warrantless Search Violated the Fourth Amendment**

The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. Amend. IV. Subject to only a few specifically established and well delineated exceptions, warrantless searches are *per se* unreasonable under the Fourth Amendment. Mincey v. Arizona, 437 U.S. 385, 390 (1978). The burden is on the government to show the reasonableness of a warrantless search. United States v. Carbajal, 956 F.2d 924, 930 (9th Cir. 1992).

A defendant has standing to challenge a search or seizure if he has an actual expectation of privacy in the item searched and that expectation of privacy is one that society recognizes as reasonable. See Bond v. United States, 529 U.S. 334, 338 (2000). Cellular telephones "record incoming and outgoing calls, and can also contain address books, calendars, voice and text messages, email, video and pictures. Individuals can store highly personal information on their cell phones, and can record their most private thoughts and conversations on their cell phones through email and text, voice and instant messages." United States v. Park, 2007 WL 1521573 (N.D.Cal 2007). As personal cellular telephones are a ubiquitous element of today's society, the expectation of privacy in the contents and memory of the telephone is widespread.

Mr. Parker had a reasonable expectation of privacy of the electronic information that was stored in the cellular telephone, and therefore has standing to contest its search. In this case, where Mr. Parker had been arrested and was in custody, and the cellular telephone was in the exclusive control of the agents, it would have been simple and practicable to obtain a search warrant to search the electronic contents of the telephone. Because the agents apparently chose not to do so, the contents of the unlawful search must be suppressed.

No exception to the warrant requirement applies. In particular, because the agents conducted the warrantless search of Mr. Parker's telephone four days after his arrest, it cannot be justified as incident to his

arrest.

### 2. The Search of the Cellular Telephone Violated the ECPA

When the officers searched and seized the electronic information store in the telephone, they did so in violation of the Electronics Communications Privacy Act (ECPA). Title II of the ECPA "generally proscribes unauthorized access to stored or electronic communications." Steve Jackson Games, Inc. v. United States Secret Service, 36 F.3d 457, 462 (5th Cir. 1994). Accessing of stored electronic communications is governed by Title II of the ECPA, 18 U.S.C. §2701, et seq. See Id. at 462. "Generally, a search warrant, rather than a court order, is required to obtain access to the contents of a stored electronic communication." Id. at 462 n.7; see also 18 U.S.C. §2703(a). See United States v. Reyes, 922 F. Supp. 818 (S.D.N.Y. 1996) (finding that Title II applies to seizure of stored data in a pager). Therefore, because the government searched and seized stored data from the cellular telephone in the absence of a search warrant, suppression of this evidence is warranted.

**P.     Motion to Sever Count Five**

When "the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government," the Court may order the counts to be tried separately. Fed. R. Crim. P. 14. A defendant is prejudiced when there is a danger the jury will "use the evidence of one of the crimes charged to infer a criminal disposition on the part of the defendant" or will "cumulate the evidence of the various crimes charged and find guilt when, if considered separately, it would not so find." United States v. Johnson, 820 F.2d 1065, 1070 (9th Cir. 1987). Also, "charging several crimes may . . . create a latent feeling of hostility toward the defendant" warranting severance. Id. Finally, a single trial of multiple counts may "embarrass and confound" a defendant's presentation of separate defenses. Id.

In weighing the possibility that joined counts will prejudice the defendant, the primary consideration is whether the jury will "compartmentalize" the evidence applicable to each count. United States v. O'Neal, 834 F.2d 862, 866 (9th Cir. 1987). In this regard, the Ninth Circuit has cautioned that "it is much more difficult for jurors to compartmentalize damaging information about one defendant derived from joined counts . . ., than it is to compartmentalize evidence against separate defendants joined for trial." Id. (citing United States v. Lewis, 787 F.2d 1318, 1322 (9th Cir.), as amended, 798 F.2d 1250 (1986)).

1  The government's indictment charges Mr. Parker with three different types of crimes: conspiracy (count 1), possession of firearms and ammunition (counts three and four), and possession of marijuana with intent to distribute (count five). Of these, the facts alleged in Count Five are very different. The alleged marijuana was located in Mr. Parker's house, while the conspiracy allegedly occurred and the firearms allegedly were possessed elsewhere. There are no common facts to this count, and only one common witness: Special Agent Beals. Moreover, the advisory guideline sentence for count five is comparatively insignificant. Under the circumstances, joinder of count five is unjustifiably prejudicial to Mr. Parker's defense on counts one three and four. Count five should be severed.

                                                  Respectfully submitted,

DATED:     April 15, 2008         /s/ Gregory T. Murphy
                                  **GREGORY T. MURPHY**
                                  Federal Defenders of San Diego, Inc.
                                  Attorneys for Rodney Parker